UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
EMILY LAMBERT,

                                                                                                                          16 Civ. 8300  (   )

                Plaintiff,

                                                     **COMPLAINT**

       -against-

SUSAN MAGRINO AGENCY, INC.,                   **Jury Trial Demanded**
SUSAN MAGRINO, ALLYN MAGRINO,
LEIGH ANN AMBROSI, MOLLY PETERSON,

                Defendants.
---------------------------------------------------------x

      Plaintiff, EMILY LAMBERT, by and through her attorneys, The Bellantoni Law Firm, PLLC, for her complaint states:

### NATURE OF THE ACTION

      1.     This is an action for, *inter alia,* economic, compensatory, and punitive damages proximately resulting from defendants' unlawful discrimination against the plaintiff based on her gender and pregnancy.

### JURISDICTION

      2.     The Court's jurisdiction over the plaintiff's federal claims is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 USC § 1367. Plaintiff filed a complaint of discrimination with the United States Equal Employment Opportunity Commission premised on gender in violation of Title VII as amended, the Pregnancy Discrimination Act ("PDA") 42 U.S.C. §2000e, *et seq.*  The United

1

States Department of Justice, Civil Rights Division duly issued to the plaintiff a notice of the right to institute a lawsuit.

## THE PARTIES

3. Plaintiff, EMILY LAMBERT, (hereinafter "Ms. Lambert"), at all times relevant to this complaint was a female employed by the above-identified defendant Susan Magrino Agency, Inc.

4. Ms. Lambert is a resident of the Northern Counties of the Southern District of New York.

5. Defendant, SUSAN MAGRINO AGENCY, INC. (hereinafter "Magrino Agency"), is a domestic business corporation duly formed by the laws of the State of New York.

6. Magrino Agency is located at 352 Park Avenue South, 13th Floor, New York, New York.

7. Magrino Agency employs more than 30 individuals.

8. Defendant, SUSAN MAGRINO ("Susan Magrino"), was at all times relevant herein, the Chairman and Chief Executive Officer of Magrino Agency.

9. At all times relevant herein, Susan Magrino had an ownership interest in Magrino Agency and the authority to hire and fire employees and to affect the terms and conditions of Ms. Lambert's employment at Magrino Agency.

10. Defendant, ALLYN MAGRINO ("Allyn Magrino"), was at all times relevant herein, the President and Chief Operating Officer of Magrino Agency.

11. At all times relevant herein, Allyn Magrino had an ownership interest in Magrino Agency and the authority to hire and fire employees and to affect the terms and conditions of Ms. Lambert's employment at Magrino Agency.

12. Defendant, LEIGH ANN AMBROSI ("Ambrosi"), was at all times relevant herein, a supervisor of Ms. Lambert's who had the authority to affect the terms and conditions of her employment at Magrino Agency.

13. Defendant, MOLLY PETERSON ("Peterson"), was at all times relevant herein, a supervisor of Ms. Lambert's who had the authority to affect the terms and conditions of her employment at Magrino Agency.

14. At all times relevant herein, each of the individually named defendants was acting within the scope of their employment with Magrino Agency and their conduct could reasonably have been foreseen.

15. Magrino Agency is vicariously liable for the acts and omissions of the individually named defendants under the doctrine of *respondeat superior*.

## THE MATERIAL FACTS

16. Magrino Agency is a marketing and advertising business.

17. On or about July 14, 2015, Ms. Lambert was hired by Magrino Agency as an Account Director.

18. The Account Director position was a full-time position.

19. Ms. Lambert was not pregnant at the time that she was hired by Magrino Agency.

20. At the time Ms. Lambert was hired by Magrino Agency, she had extensive experience in the Advertising and Marketing field.

21. Ms. Lambert was highly qualified for the position of Account Director.

22. Between July 2015 and her termination in March 2016, Ms. Lambert more than satisfactorily performed the duties and responsibilities of her position at Magrino.

23. In and around September 2015, Ms. Lambert learned that she was pregnant.

24. Ms. Lambert informed her direct supervisor, Molly Peterson, that she needed to attend a doctor's appointment.

25. Peterson pressured Ms. Lambert to explain the reason that she needed to see a doctor.

26. Uncomfortable by Peterson's questions and pressure, Ms. Lambert informed Peterson that she was pregnant.

27. Peterson asked more questions about Ms. Lambert's symptoms and her pregnancy.

28. Between her start date in July 2015 and her September 2015 conversation with Peterson about being pregnant, Ms. Lambert had received no negative comments or feedback about her work performance at Magrino.

29. Approximately one month after being forced to reveal her pregnancy to her supervisor Peterson, and with no prior negative feedback or criticism regarding her work performance, Ms. Lambert was called in to a meeting with Peterson and Ambrosi to discuss her "performance".

30. Peterson and Ambrosi made several negative comments about Ms. Lambert's work performance, which were inconsistent with her prior positive conversations and feedback from Peterson.

31. Peterson and Ambrosi claimed that Ms. Lambert was "not getting things done fast enough", her "level of productivity [was] not where it should be", and that her team felt that they were not "getting enough support".

32. None of Peterson's claims and criticisms had merit.

33. Ms. Lambert asked Peterson and Ambrosi for examples of her subpar work performance in order to remediate the situation(s)

34. Neither Peterson nor Ambrosi were able to provide any specific examples of what Ms. Lambert needed to improve nor could they verbalize the specific shortcomings they were referencing.

35. Peterson and Ambrosi fabricated criticisms of Ms. Lambert's work performance to create a pretextual basis for her future and impending termination based on her pregnancy.

36. In and around November/December 2015, certain projects that Ms. Lambert was scheduled to work on were reassigned to other (non-pregnant) employees by, or at the direction of, Peterson, Ambrosi, Susan Magrino and Allyn Magrino.

37. For example, Ms. Lambert was assigned to (1) travel to the United Kingdom in May 2016 to give a presentation and (2) give a presentation relating to Architectural Digest, but both projects were reassigned to other (non-pregnant) employees who were less qualified and/or, unlike Ms. Lambert, had little to no involvement with the projects at that time.

38. By November 2015, Allyn Magrino and Susan Magrino knew of Ms. Lambert's pregnancy.

39. In and around that time, Ms. Lambert commented to Allyn Magrino about how exciting it was to have secured a new and well-known celebrity as a client, to which Allyn

Magrino responded, "Yeah, there are a lot of exciting things going on" referring to Ms. Lambert's pregnancy.

40. At a company holiday party in December 2015, Susan Magrino commented how "elegant" Ms. Lambert looked in her dress – which was clearly a maternity dress, referring to my pregnant appearance.

41. At that same holiday party in December 2015, Susan Magrino announced that, financially, 2015 was the "best year" Magrino Agency has ever had.

42. On January 15, 2016, Ambrosi informed Ms. Lambert that her position was being "eliminated" due to "business losses" in 2015.

43. While some business accounts had been lost, 2015 was one of the Magrino Agency's best financial years in the history of the company.

44. Ms. Lambert had no involvement with any of the accounts that were lost.

45. None of the employees who had worked in the "lost" accounts were terminated.

46. None of the employees who had worked in the "lost" accounts were pregnant.

47. At no time did Ms. Lambert's work performance diminish or fall below satisfactory standards between the day that she was hired until her last day of work on March 4, 2016.

48. The defendants' proffered reason for terminating Ms. Lambert – that her position (Account Director) was being eliminated – is entirely pretextual.

49. After Ms. Lambert's termination in March 2016, Magrino Agency has actively recruited for and advertised an Account Director position – the same title held by Ms. Lambert.

50. Upon information and belief, Ms. Lambert was replaced by a non-pregnant employee.

51. Ms. Lambert's pregnancy was a motivating factor, if not the only factor, in the defendants' decision to terminate her employment with Magrino Agency.

52. Defendants Peterson and Ambrosi acted in concert, aided and abetted Susan and Allyn Magrino in their discrimination of Ms. Lambert.

53. Defendants' actions have caused Ms. Lambert, *inter alia*, past and future economic loss, loss of benefits, anxiety, emotional stress, loss of sleep, worry, harm to her professional reputation.

## AS AND FOR A FIRST CAUSE OF ACTION

54. Plaintiff repeats and realleges paragraphs "1" through "53".

55. Under the premise that the defendants violated plaintiff's rights under the Pregnancy Discrimination Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

## AS AND FOR A SECOND CAUSE OF ACTION

56. Plaintiff repeats and realleges paragraphs "1" through "55".

57. Under the premise that the defendants violated plaintiff's rights under the New York State Human Rights Law Executive Law § 296, *et seq*.

## AS AND FOR A THIRD CAUSE OF ACTION

58. Plaintiff repeats and realleges paragraphs "1" through "57".

59. Under the premise that the individual defendants violated plaintiff's rights under the New York City Administrative Code § 8-101, *et seq*.

## AS AND FOR A FOURTH CAUSE OF ACTION

60.     Plaintiff repeats and realleges paragraphs "1" through "59".

61.     Under the premise that the individual defendants intentionally and unlawfully acted to aid and abet each other's discrimination and violations of plaintiff's rights, detailed above, as provided for in the New York State, New York City and federal statutes detailed herein.

## AS AND FOR A FIFTH CAUSE OF ACTION

62.     Plaintiff repeats and realleges paragraphs "1" through "61".

63.     Under the premise that Susan Magrino, Inc. (the Magrino Agency, as identified above) is vicariously liable for the acts and omissions of the individually named defendants based on the theory of *respondeat superior*.

WHERFORE, a Judgment is respectfully requested:

- Awarding against all defendants economic damages, including without limitation, back pay, loss of benefits, and front pay with statutory interest;

- Awarding against all defendants compensatory damages as the jury may determine;

- Awarding against all defendants punitive damages as the jury may determine;

- Awarding against all defendants liquidated damages in an amount equal to double the amount of back pay awarded to plaintiff;

- Awarding costs, disbursements and reasonable attorney's fees; and

- Granting such other and further relief as the Court deems just and proper.

Dated: October 24, 2016
      Scarsdale, New York

                              THE BELLANTONI LAW FIRM, PLLC
                              *Attorneys for Plaintiff, Emily Lambert*

By: _____/s/_____
            Amy L. Bellantoni (AB3061)
            2 Overhill Road, Suite 400
            Scarsdale, New York 10583
            (914) 367-0090 (t)
            (914) 367-0095 (f)